May it please the court, Daniel Levin on behalf of the government. It's a well-established rule that double jeopardy allows a retrial after a hung jury. And there's no dispute in this case that the jury was genuinely deadlocked on possession with intent to distribute. The fact that the jury reached a unanimous decision on the possession charge doesn't change that double jeopardy analysis. And that's true regardless whether you treat the lesser included as a conviction, as the district court did in its published order, or whether you understand it to be a mistrial declared without manifest necessity for doing so. With respect to the district court's order that the government's appealed from, the district court reads The government argued for a mistrial though, right? Yes, the government made a mistake and we conceded that. And I do think what happened is the district court said I intend to declare a mistrial. The defendant argued for taking the verdict on the lesser and declaring no mistrial, which was not quite right either. And the government then said we agree you can declare a mistrial, which was not right. No one quite settled on what should have happened, which is take the verdict on possession, declare a mistrial as to possession with intent to distribute, and do a retrial. So there was a mistake here. But the problem is, let me just then turn to this issue, which is the defendant's primary argument. The problem with the defense argument is that the way the termination of jeopardy on the lesser offense, the way that would bar a retrial of possession with intent charged in the same charging instrument is through collateral estoppel, through that aspect of double jeopardy. And the only way collateral estoppel applies is when an issue is necessarily decided in the defendant's favor. And here nothing was necessarily decided in the defense case. Do we actually know what the jury's verdict was with respect to the possession charge? We knew that they reached a decision. Do we actually know what the decision was? As a formal matter, no. That's kind of what we need, isn't it? We need sort of a formal matter? We do. We think we have a pretty good idea because we assume that they're going to be consistent and that the evidence is overwhelming. Yes. In a practical sense, I think we do know. But in a formal matter, the decision was never received in court. So no, we don't know. But in order to apply collateral estoppel, which is what the defendant is, which is the only mechanism that would allow for the preclusion of the retrial on the greater offense, you need to know. And that's what the Supreme Court has said in Yeager. And Yeager is, grantedly, a slightly different factual situation. But the Court's clear that a mistried count doesn't factor into the collateral estoppel analysis because you don't know. It's not necessarily decided. And the point about sort of what we practically understand, the reality of the situation, that matters, too, for collateral estoppel. That's what the Supreme Court said in Ashe when it first said that collateral estoppel is a component of the double jeopardy clause. It said you apply it with realism and rationality, not with the hyper-technical approach of a 19th century pleading book. And really, that is what this approach would be. It would say the theoretical, and really it's just a theoretical possibility, that it could have been an acquittal is sufficient to then trigger double jeopardy. And I just don't think that's sufficient for collateral estoppel. Assuming you were right, that you can retry him on the greater offense, you don't dispute that he can't be retried on possession. Because of the lack of manifest necessity. Right. Okay, so he goes into the retrial, and he's put in the position of having to, in order to have the jury have the lesser option, to essentially get a replay of the first trial, where the jury was given that option, and it may have worked to his advantage to have the possession as the lesser offense, at least in the jury instructions. Now he's going into the second trial, and how does he get the jury, the second jury, in that same posture? He has to, what, waive double jeopardy or what? No, I think in this case, what happens is, because jeopardy is terminated on the lesser offense, it comes to be something like a Rutledge problem. The defendant, I think, has the right, under Rule 31, to elect a lesser included if he chooses to do so. And if the jury were to come back with a conviction on the lesser, the court could not enter judgment on it. Just like if you get separately charged counts, a lesser and a greater, and the jury comes back with a conviction on both under Rutledge, the district judge can't enter a conviction on one of them. And I think under this circuit's precedent, it actually has the discretion and so forth to decide. But the answer would be judgment couldn't be entered on the lesser. So the defendant here can't really end up in a worse situation vis-à-vis the lesser. If the jury comes back with a conviction on the lesser and, say, an acquittal on the greater, judgment can't be entered on the lesser because jeopardy is terminated on it, and that's... I think that would be correct here. Is there any law to that effect, or do we have to make the law to make that? Well, you know, I'm not aware of any law on this precise issue about what happens at the retrial. I think it would be premature to make it. It would be advisory at this point because we don't know what's going to happen at the retrial. I think it's better left to the next day if and when it comes up. That was the argument that, as I understand it, the district court was concerned about the impossible situation, the practical problems, and... It was concerned. It identified... I'm troubled by it. It framed them a little differently because it was assuming a conviction. It was assuming there had been a conviction, and I think it identified three practical problems. The first was, what do you tell the jury? And I think, with respect to district court, that's not a significant problem because you follow the rules of evidence is what you do, and it's just like if there were, say, a state conviction for the same conduct, it probably wouldn't come in. If the defendant testified, it might come in subject to Rule 609. There's a whole framework for that. The second problem was, what about the right to exercise the lesser included? And I think that right persists, and then it's a question of entry of judgment under Rutledge is what you have, and then the third problem was a question of inconsistent verdicts. Could you end up with a situation of inconsistency? Here, that's not a real problem because there is no first verdict, so you're never going to end up with a situation of inconsistency, even in the scenario that the district court was operating from where there's a conviction on the lesser. I think the answer is, again, it's Rutledge. At the end of the day, you can only enter a judgment as to one conviction that constitutes the same offense under Blockburger, and if that were a true dispositive problem, Jefferson would be wrongly decided. Jose would be wrongly decided. All of these cases, all the cases, all the state cases we cite, all the out-of-circuit cases we cite, because all of those cases you have a conviction, a final conviction on the lesser included, and the courts say it's okay to retry the greater offense on which the jury hung at that same original trial. In all of those cases. And just so I want to make sure this is quite clear in my mind, what is it on remand if the government is successful? What is it on remand that should happen here? There should be a retrial on the charge, the single charge in the indictment, possession with intent to distribute. Will the jury be told about? I believe the defendant may make, at his election, under Rule 31, he may ask for the lesser included, and in fact he may ask for either form of instruction under Jackson, the acquittal first or the unable to agree. And the jury would not be told about that a judgment on the lesser included offense would be a nullity? No, I don't see why it would be informed of that. There would be no purpose to it. It would just, I think, prejudice the jury. It would be like telling them about sentencing or something like that. You wouldn't ordinarily tell the jury about the jury. The defense, you could replay the entire trial. The defense could make the same argument. He possessed it, but he didn't intend to distribute it, and the government would make the argument for why it believes he intended to distribute it. I think it would be a retrial. Okay. If I can reserve just the last few seconds. You can. It's fun going second against the government. Now they know what you guys have to face the whole time. Good morning, and may it please the Court. I'm James Laughlin, and I represent the appellee, this time John Crothers. The government made a mistake when it urged the district court to declare a mistrial on a lesser simple possession offense, even though the jury had reached a verdict on that. Although the government admits its mistake, it refuses to accept the full double jeopardy consequences of it. In particular, it refuses to acknowledge that the jury's unknown verdict must be treated just as like the jury had actually returned a not guilty verdict, and given that, Mr. Crothers can't be retried for the greater offense. Given the dearth of a directly applicable authority, given the unusual factual situation we have here, the court's analysis has to be guided by the founding double jeopardy principles, as acknowledged by the Supreme Court. And that begins with the court's decision in the era of Zona B Washington, which discusses a defendant's valued right to have his trial completed by one tribunal. And in that case, the court said that it's a government's heavy burden to demonstrate or manifest necessity for stopping a trial before the jury is able to return the verdict, if it's going to avoid the full double jeopardy effects of that decision. And again, the government concedes it made a mistake. That brings us to Sylvester v. United. If there had been an acquittal on the possession. Yes. That's undisputed. If there had been an actual acquittal. Correct. Would that have precluded and then hung jury on the greater, on the intent to distribute? Yes. That would preclude. That's undisputed with the parties of the government would concede that. Then there could not be a retrial. Correct. Okay. And I think that what we have here is I think the government tries to separate this out into something called a real acquittal, which is when the jury actually comes back and says not guilty. And then even though there's really no support for it, it wants to present this idea that the acquittal effect of a faulty mistrial that's their fault is an acquittal, but only kind of a quasi-acquittal that doesn't have the full effects of a true acquittal. And that actually is rebutted in the United States v. Green, which is normally thought of as an implied acquittal case. But the Supreme Court actually also offered an alternate basis for its holding. It held that when a jury was discharged without rendering a verdict, despite the lack of necessity or the defendant's consent, the case must be treated no differently for jeopardy purposes than if the jury had returned a verdict which expressly read not guilty. And that's at page 191 of Green opinion. But, again, the government has this other theory about this acquittal doesn't count as like a real acquittal, and it's based on large part on its decision of Yeager, which talks about collateral estoppel. Now, again, the government correctly recognizes that under a so-called real acquittal, double jeopardy would bar a retrial of the greater offense in this case because an acquittal on the lesser necessarily means a finding in defendant's favor that he did not knowingly possess methamphetamine. So there's no way he could then be charged with knowingly possessing the same methamphetamine with the intent to distribute. So that's undisputed. But I want to point out that, and I'm going to talk about the government's collateral estoppel flawed theory, but I want to point out the Court doesn't even need to reach the collateral estoppel issue to rule in Mr. Crowther's favor. That's because in this Court's case of Wilson v. Sersniak, the Court held that an acquittal on a lesser offense always bars a retrial on a greater offense. And the government actually acknowledges this in its reply brief on page 6 foot note 5, where it talks about how the Court in Sersniak said, we're not relying on collateral estoppel issues. We just think that when a retrial for the greater offense would subject the defendant to double jeopardy for the same offense. And because that was a habeas case, he was saying that was based on clearly established Supreme Court law. But going on to this alternate theory, the collateral estoppel theory, the government points to the language in Yeager saying that in applying the collateral estoppel doctrine, the Court has to look at the record kind of rationally to kind of figure out what the acquittal means. In other words, once you have the acquittal, the Court has to work backwards to figure out what essential facts had to be disguided in the defendant's favor in order to acquit. Again, here you have the case where to acquit, there had to be no knowing possession of drugs, and therefore that would carry over and preclude a charge offense. So that's what Yeager is talking about. But the government subtly twists the Yeager standard around in an attempt to apply it to a completely different inquiry, namely whether the jury's unknown verdict was actually not guilty in the first place. That's different from what Yeager's talking about. Yeager starts with a premise that you have an acquittal, and now we have to figure out what that acquittal means. And that's even if what it figures out is irrational. Because remember, in Yeager, you had a lesser and greater offense. The jury acquitted on the lesser and hung on the greater. Now, any rational jury would have not done that, because once you find that he – they had to find him not guilty on the greater, but they didn't. But the court said, you know, we fixed that problem by virtue of the collateral estoppel doctrine. So that's Yeager. But, again, the government's really mounting a challenge to say what this verdict was. It's basically saying Mr. Carruthers has the burden to show that this was really a not guilty verdict. And that's a problem for two reasons. First, going back to Arizona v. Washington, it answered the question, who has the burden and who bears the consequences of a faulty mistrial? The government does. So it's the government's responsibility – they are the ones responsible for the fact we don't know what the verdict is. It may have been an acquittal. We'll never know. And under these circumstances, it's simply unconscionable to shift the burden to Mr. Carruthers to prove that he got a so-called real acquittal. First of all, the case law holds that a mistrial, without manifest necessity and over the defendant's objection, is an acquittal. It doesn't say kind of an acquittal or a partial acquittal or quasi-acquittal. It says it's an acquittal. And there are good reasons for it to be different than any other acquittal. Otherwise, if that acquittal doesn't have the same effects as if the jury actually returned a not guilty verdict, the court would be recognizing a whole new class of quasi-acquittals. And I have no idea where that would lead, but it would certainly be an odd set of circumstances. But adopting the government's position would also be fundamentally unfair because it's impossible for Mr. Carruthers or any other defendant in the same situation to prove what the jury's unknown verdict actually was. And the government actually acknowledges this point in footnote 7 of its reply brief. And Mr. Carruthers dealt with it in his brief when he explained that we can't guess at what the jury's verdict was. We can't do that. If the judge had inquired as to what the actual verdict was on the lesser included offense and they came back and said guilty, then what would your position be here now as to retrial on the greater offense? Then I would say that the court could affirm the district court's ruling based on the reasoning of the district court, which is sound but for one flaw, which I think the flaw in the district court's reasoning was it assumed that this was a conviction when it really should have treated it like an acquittal. But absent that flaw, the district court's analysis is sound and the court can follow that and affirm on that basis. Going back to my last point, it's undisputed, the government, as I said, in footnote 7 of the reply brief, it's undisputed that the jury's lesser included offense verdict is now and forever unknown. We'll never know what that verdict is. The only question is who bears the consequences of the uncertainty, the government whose conduct led to the uncertainty, or Mr. Carruthers whose constitutional rights were violated by the faulty mistrial. The answer should be clear. Mr. Carruthers should be given the benefit of a full acquittal on the lesser offense. It's no different from if the jury had actually returned a verdict of not guilty. Once the court recognizes that fact, the double jeopardy impact on the greater offense is undisputed. Again, they say if it's a real acquittal, they can't proceed on the charged offense. I want to go back and understand your answer to Judge Bybee's question. If Judge Carney had taken a verdict of guilty from the jury on possession, then what? Then that's what Judge Carney's analysis was premised on, and that he said even if the verdict is guilty based on this court's decision in United States v. Jackson and also the double jeopardy cases he cited, particularly Brown and the California Supreme Court's decision in the field, he came to the conclusion that because jeopardy had terminated on the lesser, which is for double jeopardy purposes the same as the greater, then a retrial could not be had on the greater. I see that I only have 39 seconds left. If the Court doesn't have any further questions, I'd just like to make one more point, which is, as the Court knows, and it's pointed out in the brief, this case has been expedited because Mr. Crothers is in custody until the Court renders this decision, and therefore you just respectfully request the Court can do it as soon as possible. We always do. We appreciate that. Thank you. Thank you very much. By the way, you could use your entire time because you're the appellee. You don't get to reserve anything. That's right. I had to train myself not to say it. That's good. Okay. Thank you. Two quick points. First, Arizona versus Washington can't do the work that the defendant wants it to do here. Arizona says you need manifest necessity. The government acknowledges it can't meet its burden to show that there was a good mistrial on the lesser. It can on the greater. The only way that the lesser can spill over and preclude the greater is through collateral estoppel, and nothing was necessarily decided. It's what the Maryland Supreme Court explained in the Woodson case, which is really the only case addressing the situation in that with the Indiana case, and they both go the government's way. Same is true of Sylvester. The defendant is asking it to do much too much work. Sylvester is a much more simple case. It says a bad mistrial is the functional equivalent to an acquittal, which, of course, it is in many respects. And it says on the flip side, a hung jury permits a retrial. It's exactly what we have here in the same case. It doesn't – a bad mistrial is not for collateral estoppel purposes or for purposes of this case can do the work that a necessarily decided acquittal would do. Thank you. Thank you. All right. Thank you, counsel. Interesting case. We appreciate the good argument on both sides. Case is submitted and we'll stand in recess until tomorrow. All rise.  Thank you.
judges: Strom, Fisher, Bybee